UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. **2:25-cv-09684-MCS-PVC** | Date **November 13, 2025** |
| Title ***Perez v. General Motors LLC*** | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CASE (JS-6)

Plaintiffs Margarita Perez and Armando Perez Guzman filed a motion to remand this case to the Los Angeles County Superior Court. (Mot., ECF No. 13.) Defendant General Motors LLC filed an opposition, (Opp'n, ECF No. 14), and Plaintiffs replied, (Reply ECF No. 15). The Court deems the motion appropriate for decision without oral argument. Fed R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I.     BACKGROUND

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). According to the complaint, Plaintiffs bought a 2022 Chevrolet Traverse that suffered from various defects, which Defendant failed to remedy. (Compl. ¶¶ 6, 9, 12–15, ECF No. 2-1.) The complaint seeks actual, consequential, and incidental damages, restitution, civil penalties, attorneys' fees and costs, prejudgment interest, and any other relief the Court deems proper. (*See id.*, Prayer for Relief.)

Plaintiffs initiated this proceeding in the Los Angeles County Superior Court, No. 25STCV26102. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 2.)

## II.  LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III.  DISCUSSION

The amount in controversy is not clear from the face of the complaint. The complaint seeks actual, consequential, and incidental damages "in an amount according to proof," (Compl., Prayer for Relief), which does not clearly indicate whether the total amount Plaintiff seeks exceeds $75,000. *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

A.  **Actual Damages**

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This so-called "milage offset" is based on miles driven before the first attempted repair of the defect. *Id.* The mileage offset factors into the measure of a plaintiff's damages and impacts the amount in controversy. *See D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *6–7 (C.D. Cal. May 21, 2020) (collecting cases); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (holding that considering a use offset is appropriate in the jurisdictional analysis, reasoning that "an estimate of the amount in controversy must be reduced if 'a specific rule of law or measure of damages limits the amount of damages recoverable'" (quoting *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015))).

Additionally, actual damages available in SBA cases should be reduced by additional statutorily provided offsets, including (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff . . . from third parties, except for optional purchases for dealer-supplied equipment or services"; (2) "negative equity incorporated in the transaction from prior vehicles"; (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate"; and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to SBA claims).

Here, Defendant submits that actual damages place $40,299.03 in controversy. (Opp'n 7.) This calculation is based on the vehicle's purchase price of $72,374.96, less certain statutory offsets, including a mileage offset of $4,358.29, optional third-party contracts and a rebate totaling $4,237.00, and unpaid financing equaling $23,480.64. (*Id.* at 5–7.) However, Defendant has failed to establish that the measure of its proposed offset is appropriate.

First, Defendant offers no evidence or argument supporting its claimed $4,237.00 offset for optional third-party contracts and a rebate. The only authority Defendant cites to support that number is a Retail Installment Sale Contract Plaintiff signed to purchase the vehicle. (Opp'n 6; Wynsma Decl. ¶ 2, ECF No. 14-1; Wynsma Decl. Ex. A, ECF No. 14-2.) Defendant does not explain how that contract supports

the claimed $4,237.00 offset. Indeed, Defendant submitted the sale contract in its original Spanish language without providing an English translation as required by Local Rule 11-3.10. The Court declines to employ its imperfect understanding of the Spanish language to ascertain which line items in the contract might contribute to the offsets subject to Defendant's calculation. Defendant therefore has not met its burden to show by a preponderance of the evidence that this offset, rather than a different offset, should apply.

Second, Defendant asserts that the mileage offset should be based on the odometer reading from a September 2023 repair presentation. (Opp'n 6; Wynsma Decl. Ex. B, ECF No. 14-3.) However, the vehicle service history report Defendant submits indicates that the vehicle was presented for repairs nearly 10 times between March 2023 and April 2025. (Wynsma Decl. Ex. B.) On the most recent repair presentation, the vehicle's odometer read 25,111 miles, which is over 14,000 more miles than the odometer read on Defendant's proposed September 2023 date. (*Id.*) Calculating the offset based on the earlier repair presentation would result in a significantly smaller offset. Defendant's only justification for basing the mileage offset on the earlier date is that the September 2023 date "appears to be the first potentially relevant presentation." (Wynsma Decl. ¶ 3.) Defendant, however, provides no evidence about the actual substance of the September 2023 repair visit. Without those facts, the Court cannot determine whether that early visit has anything to do with the defects Plaintiffs claim in this case. Defendant accordingly fails to show by a preponderance of the evidence that its preferred mileage offset calculation provides the proper measure of actual damages.

Because Defendant has failed to present a cogent argument or evidence as to the appropriate measure of offsets, it has not met its burden to establish the measure of actual damages in controversy by a preponderance of the evidence. At best, Defendant's calculation of actual damages is speculative and self-serving.

### B.  Civil Penalties

Plaintiff may be entitled to a civil penalty no greater than twice the amount of actual damages if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *8 (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of

civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that the Court should consider the maximum civil penalty in determining the amount in controversy. (Opp'n 7–11.) Acknowledging a split in authority, the Court respectfully declines to assume the maximum penalty is at issue without some indicia of willfulness that would entitle Plaintiff to a penalty. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–9 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g.*, *id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendant has not offered any evidence to support such an award."). Defendant has not established that the requested civil penalty is more likely than not in controversy.

Even if Defendant could support its argument for a civil penalty with evidence, because Defendant fails to establish an estimate of actual damages beyond speculation, it fails to show the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618, at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

### C. Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant posits that fees may be estimated at $15,000. (Opp'n 11; Wynsma Decl. ¶ 4.) Defendant's counsel's declaration regarding his estimate of Plaintiffs' counsel's anticipated expenditures on this case is not grounded in his personal knowledge, let alone any explanation of how or why fees in this case should be valued at $15,000. (*See* Wynsma Decl. ¶ 4 ("Based on *my firm's* prior experience . . . ." (emphasis added))); *see also Schneider*, 441 F. Sup. 3d at 914 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citations omitted)). Nearly all of the scores of SBA cases assigned to this judicial officer have settled before trial. Even if fees recovered or sought in other SBA cases present competent evidence of counsel's rates, they do not provide probative evidence of the hours that might reasonably be expended in this case, which almost certainly will settle well before trial. *Cf. Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold).

### D.  Summary

The amount in controversy is not clear from the face of the complaint. Defendant fails to establish that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

## IV.  CONCLUSION

The motion is granted. The Court remands the case to the Los Angeles County Superior Court, No. 25STCV26102. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**